**Rudolph CARR, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 45A03–9102–CR–046.**

Court of Appeals of Indiana,
Third District.

Oct. 17, 1991.

Scott L. King, Crown Point, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

HOFFMAN, Judge.

Appellant-defendant Rudolph Carr appeals his conviction for possession of heroin, a Class C felony.

The facts relevant to this appeal disclose that on June 29, 1990, Officer Howard of the East Chicago, Indiana Police Department was on patrol when a woman waved for him to stop. The woman gave the officer certain information and the description of a man. Officer Howard investigated the situation and saw a man who fit the description. This man was identified at trial as the defendant.

As Officer Howard approached the defendant, the defendant started to walk away. Officer Howard asked him to stop, but the defendant continued walking away. When Officer Howard continued to ask the defendant to stop, the defendant yelled, "I didn't do anything to her." The defendant then began running. As Officer Howard chased the defendant, he saw the defendant throwing things out of his pockets. Among the items discarded was a small caliber handgun and a brown plastic eyeglass case containing a hypodermic syringe.

After Officer Howard apprehended the defendant, he noticed a small gold key chain case in the defendant's hand. Heroin

was later found and identified inside the gold key chain case.

Defendant was charged on June 29, 1990 in the Municipal Court of East Chicago with possession of paraphernalia, resisting law enforcement, and disorderly conduct. On July 2, 1990, defendant pled guilty to possession of paraphernalia and resisting arrest.

On August 7, 1990, defendant was charged in Lake Superior Court with possession of heroin and possession of a handgun without a permit. After trial by jury, defendant was found guilty of possession of heroin.

Appellant-defendant raises one issue for review: whether the State's prosecution of the possession of heroin and the possession of a handgun charges was barred by the Double Jeopardy Clause.

The appellant relies on *Grady v. Corbin* (1990) 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 to support his argument that the State could not have maintained an action for possession of heroin and possession of a handgun without a permit after the defendant had pled guilty in another Indiana court to possession of paraphernalia and resisting arrest. In *Grady*, the State of New York charged the defendant with reckless manslaughter, criminally negligent homicide and third-degree reckless homicide after the defendant had already pled guilty in New York's state court to misdemeanors of driving while intoxicated and failure to keep right of the median. These subsequent charges were based on the same incident which had given rise to the misdemeanor charges. In seeking to prove its case on the subsequent charges, the state was proving the defendant's conduct that constituted the misdemeanor offenses to which the defendant had pled guilty in state court. In disallowing the subsequent prosecution, the Supreme Court held that the "Double Jeopardy Clause bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted." *Id.* 110 S.Ct. at 2087. The court was careful to point out that this is not an "actual evidence" or "same evidence" test. *Id.* at 2093. "The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct." *Id.*

The *Grady* decision is distinguishable from the subsequent prosecution of defendant for possession of heroin.[1] To establish that the defendant possessed heroin, the State presented the testimony of the arresting officer. That officer testified that when defendant was arrested, he was clutching a gold case that contained heroin. This evidence alone established the essential elements of possession of heroin. The State did not need to prove possession of paraphernalia or resisting arrest to prove its case for possession of heroin. Because the State did not prove previously-adjudicated conduct to establish the essential elements of possession of heroin, the prosecution for that offense was not barred by the Double Jeopardy Clause.

This holds true even though testimony and admitted evidence showed that defendant had discarded a case which contained paraphernalia. This evidence, however, was merely a part of the *res gestae*. (Defendant had discarded the case containing the paraphernalia during the chase.) It was not essential in proving the defendant's possession of heroin.

Affirmed.

STATON and SULLIVAN, JJ., concur.

---

**1.** Since defendant was only found guilty of possession of heroin, the State's case for possession of a handgun without a permit will not be discussed.